UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON


ANGELA NICOLE PAGAN,
          Plaintiff,

v.                                                      CIVIL ACTION 3:15-cv-1088


CAROLYN W. COLVIN,
Acting Commissioner of Social Security,
          Defendant.


PROPOSED FINDINGS AND RECOMMENDATION

Pending before this Court is Plaintiff's Brief in Support of Judgment on the Pleadings (ECF No. 10), Brief in Support of Defendant's Decision (ECF No. 11) and Plaintiff's Reply to Brief in Support of Defendant's Decision (ECF No. 12).

Introduction

On November 7, 2011, Claimant filed an application for Title XVI social security income (SSI). Claimant alleged disability beginning January 1, 1998. The claim was denied initially on January 6, 2012, and upon reconsideration on April 25, 2012. Claimant filed a written request for hearing on May 25, 2012. An initial hearing was held on May 29, 2013, and a supplemental hearing was held on October 8, 2013, in Huntington, West Virginia. The Administrative Law Judge (ALJ) denied Claimant's application by decision dated October 22, 2013 (Tr. at 10-21). Claimant requested a review of the ALJ's decision by the Appeals Council (AC). On December 2, 2014, a Notice of Appeals Council Action informed Claimant that her request for review was denied (Tr. at 1-3). The Notice stated that the AC "found no reason under our rules to review the Administrative Law Judge's decision" and in considering "the additional evidence listed on the

enclosed Order of Appeals Council" it "found that this information does not provide a basis for changing the Administrative Law Judge's decision" (Tr. at 1-2). The Order of Appeals Council dated December 2, 2014, stated that "The Appeals Council has received additional evidence which it is making part of the record" (Tr. at 5). The additional evidence was admitted as Exhibits B27E, B33F and B34F. (*Id.*). Subsequently, Claimant filed the instant complaint before this Court seeking remand and reversal of the ALJ's decision.

Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2015). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th

2

Cir. 1981).  The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience.  20 C.F.R. § 404.1520(f) (2015).  The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because she has not engaged in substantial gainful activity since the application date of November 7, 2011 (Tr. at 12). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of hepatitis C/chronic liver disease. (*Id.*)  At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 15).  The ALJ then found that Claimant has the residual functional capacity to perform heavy work except she can only frequently climb, balance, stoop, kneel, crouch and crawl.   The ALJ found that Claimant is performing past relevant work as a cashier, customer service representative, greeter/hostess, certified nurse assistant and floral arranger (Tr. at 19).  On this basis, benefits were denied.

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence.  In *Blalock v. Richardson*, substantial evidence was defined as:

> Evidence which a reasoning mind would accept as sufficient to
> support a particular conclusion. It consists of more than a mere
> scintilla of evidence but may be somewhat less than a
> preponderance. If there is evidence to justify a refusal to direct a
> verdict were the case before a jury, then there is 'substantial
> evidence.'

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

## Claimant's Background

On the date of the hearing, Claimant was 33 years old.  Claimant has graduated high school and completed vocational training to work as a nursing aide (Tr. at 47).  Claimant has a driver's license but does not drive.  (*Id.*)  Claimant previously filed applications for Title II disability and disability insurance benefits and Title XVI social security income on May 19, 2009.  Claimant's prior applications were denied on April 22, 2011, by a different Administrative Law Judge, Elizabeth B. Dunlap (ALJ Dunlap).

## Claimant's Challenges to the Commissioner's Decision

Claimant asserts that the failure of the current Administrative Law Judge (ALJ) to apply Acquiescence Ruling (AR) 00-1(4) in considering and weighing ALJ Dunlap's prior decision, was reversible error (ECF No. 10).   Defendant asserts that the ALJ reasonably found that ALJ

Dunlap's prior decision dated 2 ½ years earlier was not probative of Claimant's limitations in light of the evidence submitted during the 2 ½ year period (ECF No. 11).  AR 00-1(4) pertains to the procedure an adjudicator must follow when a final ALJ or Appeals Council's decision occurs in a prior disability claim. As applied in the present matter, Claimant asserts that the ALJ failed to consider and weigh ALJ Dunlap's prior findings that Claimant's mental impairments were severe.  On April 22, 2011, ALJ Dunlap found at step two of the five step sequential evaluation that Claimant had multiple severe mental impairments, including mood disorder, variously characterized as bipolar disorder and major depressive disorder; posttraumatic stress disorder, chronic; and borderline personality traits (Tr. at 70).  Claimant argues that the ALJ in the October 22, 2013, determination did not consider and weigh ALJ Dunlap's decision concerning those severe impairments.  Defendant asserts that the ALJ reasonably found that ALJ Dunlap's decision was not probative of Claimant's limitations in light of the evidence submitted during the 2 ½ year period and that the ALJ followed the controlling regulations in evaluating the opinion evidence (ECF No. 11).

### Discussion

As the United States Court of Appeals for the Fourth Circuit has held, "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* A reviewing court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Thompson v. Astrue*, 442

F. App'x 804, 805 (4th Cir. 2011) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir.

2005)). Further, as the Supreme Court of the United States stated in *United States v. United*

*States Gypsum Co.*, "a finding is 'clearly erroneous' when although there is evidence to support

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." 333 U.S. 364, 395.

AR 00-1(4) provides the following:

> Where a final decision of SSA after a hearing on a prior disability
> claim contains a finding required at a step in the sequential
> evaluation process for determining disability, SSA must consider
> such finding as evidence and give it appropriate weight in light of
> all relevant facts and circumstances when adjudicating a
> subsequent disability claim involving an unadjudicated period.
> AR 00-1(4), 2000 WL 43774 at *4 (Jan. 12, 2000).

This ruling was issued following the United States Court of Appeals for the Fourth

Circuit's holding in *Lively v. Sec. of Health & Human Servs*., 820 F.2d 1391, 1392 (4th Cir.

1987), which requires an ALJ to consider prior administrative findings and assign weight to

those findings. ALJ Dunlap previously found that Claimant's severe mental impairments

included mood disorder, variously characterized as bipolar disorder and major depressive

disorder; posttraumatic stress disorder, chronic; and borderline personality traits. When the

recent ALJ engaged in the five-step sequential evaluation process, however, she only identified

the severe impairment of hepatitis C/chronic liver disease. In addition, the ALJ's findings did not

indicate that she assigned any weight to ALJ Dunlap's previous findings. Because ALJ Dunlap's

decision at step two of the evaluation process was not properly considered, the civil action must

be remanded. See, e.g., *Bowman v. Astrue*, 2011 WL 744767, at *16 (N.D. W. Va. Jan. 27,

2011), affirm and adopt., 2011 WL 736806 (N.D. W. Va. Feb. 23, 2011); see also *Williams v.*

*Astrue*, 2012 WL 4321390, at *3 (E.D.N.C. Sept. 20, 2012).

Conclusion

In conclusion, the ALJ did not state what weight, if any, she accorded to ALJ Dunlap's step two determination. AR 00-1(4) requires that the ALJ must consider the finding of fact of the prior ALJ as to whether a claimant "does or does not have an impairment(s) which is severe" and assign appropriate weight to that finding.  Accordingly substantial evidence does not support the ALJ's determination and the undersigned respectfully recommends the District Judge remand the present action.  All other issues raised by Claimant may be addressed on remand.

For the reasons above, it is hereby respectfully **RECOMMENDED** that presiding District Judge find that Plaintiff's Brief in Support of Motion for Judgment on the Pleadings (ECF No. 10) be **GRANTED** and the Defendant's Brief in Support of Defendant's Decision (ECF No. 12) be **DENIED**. It is further recommended this case be **REMANDED** to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g) and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED** and a copy will be submitted to the Honorable Judge Robert C. Chambers.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Chambers and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  February 29, 2016

Dwane L. Tinsley
United States Magistrate Judge

8